IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEON LIPSCOMB, R25793,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Case No. 24-cv-1760-DWD |
| **WARDEN ANTHONY WILLS,** | ) |
| **OFFICER CONNOR,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Keon Lipscomb, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 1). Lipscomb has since been transferred to Pontiac Correctional Center. (Doc. 10). In the Complaint, Plaintiff alleges that in July of 2024 he was subjected to a harassing and improper strip search that was part of a larger scheme of harassment or mistreatment by Menard staff. He seeks compensation and injunctive relief.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

To provide context for his Complaint, Plaintiff begins by alleging that defendants and other staff have been engaged in a "code of silence" whereby they have been subjecting him to harassment and other mistreatment since February of 2024. (Doc. 1 at 2). He alleges things such as verbal harassment, threats, physical harassment with chemical spray, the refusal of cleaning supplies and showers, and comments to fellow inmates designed to prompt violence against him. He then alleges that on July 18, 2024, around 10 a.m. a tactical team arrived to perform a search of the crisis cells in the North 2 cellhouse where he resided. (Doc. 1 at 2). During the search a lieutenant instructed Defendant Connor to strip search him.

Connor escorted Plaintiff to a shower to conduct the search. At the time, Plaintiff was wrapped in a blanket because he did not own a smock. Connor took the blanket and then instructed Plaintiff to run his hands through his hair, and to lift his genitals. Connor insisted Plaintiff lift his genitals further, to which Plaintiff expressed he had already complied. Connor then directed Plaintiff to stroke his genitals to demonstrate nothing was concealed. During this portion of the search, Connor made derogatory comments. After about two minutes of Plaintiff stroking his genitals, Connor instructed Plaintiff to turn around and wiggle his toes. Connor then instructed Plaintiff to spread his buttocks, he inspected them with a flashlight, and he remarked that he should rape Plaintiff. (Doc. 1 at 2-3). Plaintiff took this as a reference to a previous sexual assault against him by

another prison guard, which is the subject of a separate pending lawsuit. Connor then instructed Plaintiff to put his dirty fingers in his mouth and to wiggle his tongue. During this time, Plaintiff witnessed Connor touching his crotch as if he was aroused. (Doc. 1 at 3). Plaintiff alleges that Connor's actions were done in a sexually harassing manner for self-pleasure. (Doc. 1 at 4).

Upon return to his cell, Plaintiff discovered that other staff members had sprayed his toilet and sink with mace, and they had ripped his Bible. (Doc. 1 at 4).

Plaintiff argues that the defendants' actions also amount to the intentional infliction of emotional distress because the conduct was extreme and outrageous, it would offend an individual of ordinary firmness, it was done intentionally, and with knowledge that it would cause emotional distress. (Doc. 1 at 5).

Based on the allegations in the Complaint, the Court designates the following claims:

> **Claim 1:** **Fourth or Eighth Amendment claim against Defendant Connor for the July 18, 2024, strip search; and**
>
> **Claim 2:** **Intentional infliction of emotional distress claim against Defendant Connor for the strip search.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

**Preliminary Dismissal**

Plaintiff named Warden Anthony Wills as a defendant in this case in his official and individual capacity, but he does not have any factual allegations that demonstrate Wills' personal involvement in the facts of this case. To state a claim under § 1983, an inmate must describe a prison official's personal actions. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Furthermore, a generic assertion that one or more defendants engaged in constitutional violations is not adequately specific. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

Plaintiff emphasizes that Defendant Connor's conduct was part of a larger scheme of harassment or retaliation at Menard, but he does not describe specifically how Wills was involved in these issues. At most, in an affidavit attached to the complaint, Plaintiff alleges "Warden Anthony Wills are fully aware of the ongoing harassment but does nothing to intervene because he participates in these act himself." (Doc. 1 at 7). He then lists case numbers for eight other lawsuits. This bare allegation that Wills is somehow aware of the harassment or participates is not enough to demonstrate his personal involvement in the specific incident with Connor, so the any claim against Wills is dismissed without prejudice as insufficiently pled.

## Analysis

The Seventh Circuit has held that convicted prisoners "maintain a privacy interest, although diminished, in their bodies" under both the Fourth and Eighth Amendments. *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). "Importantly, the Fourth and Eighth Amendments have different roles to play with respect to bodily searches and protect different categories of constitutional rights." *Id.* at 781. When considering a Fourth Amendment strip search claim, the Court must objectively evaluate the reasonableness, considering "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* at 779. The Eighth Amendment inquiry turns instead on the notion of cruel and unusual punishment and requires a showing of the defendant's subjective state of mind. *Id.* at 781.

Here, on the facts alleged the Court finds that Plaintiff has sufficiently made out a claim under the Fourth and Eighth Amendments. He alleges that Connor conducted the strip search in an unnecessarily invasive and harassing manner, for personal sexual gratification. These allegations are sufficient to proceed. Additionally, the Court will also exercise supplemental jurisdiction over the state law claim for the intentional infliction of emotional distress.

## Disposition

**IT IS HEREBY ORDERED THAT Claims 1 and 2** of the Complaint (Doc. 1) survive initial screening as described above against Officer Connor, and the Clerk is **DIRECTED** to serve Connor consistent with this Order. By contrast, Plaintiff has no

sufficient claim against Anthony Wills, and the Clerk is **DIRECTED** to **TERMINATE** Wills.

The Clerk of Court is **DIRECTED** to prepare for the Officer Connor: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: September 19, 2024

_____
DAVID W. DUGAN
United States District Judge

## **Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.